Filed 9/19/24  In re R.F. CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| In re R.F., Jr., a Person Coming Under the Juvenile Court Law. | B332711 (Los Angeles County Super. Ct. No. 18CCJP08008C) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. R.F., Sr. Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Linda Sun, Judge.  Affirmed.

Linda J. Vogel, by appointment of the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Jessica Buckelew, Deputy County Counsel, for Plaintiff and Respondent.

## INTRODUCTION

R.F., Sr. (father) appeals from the juvenile court's order awarding him monitored visitation with his son, R.F., Jr. (child).[1] Father argues that by allowing child's mother, M.S. (mother), to choose the monitor, the trial court gave mother a practical veto over his visitation. Father forfeited this argument by failing to raise it in the trial court. Therefore, we affirm.

The parties are familiar with the facts and procedural history of the case, so we do not restate those details in full here. Father raises only one issue on appeal; we discuss only the points relevant to that issue.

## DISCUSSION

The juvenile court's "exit order" terminating this case provides that mother is to have sole legal and physical custody of child, and father is to have monitored visits twice a week for two hours per visit. The order also provides that the parties are to agree upon a monitor, but that mother will select a monitor if the parties cannot agree, and if mother selects a professional monitor then father must pay the costs.

Father argues that this order improperly delegates the court's authority over visitation to mother. Mother could refuse to agree on a monitor, at which point she would have the unilateral authority to pick a monitor. She could then pick a professional monitor, whom father claims he cannot pay. The result would be an effective veto of father's visitation.

This issue was not raised before the trial court. Therefore, it is forfeited. (*In re S.B.* (2004) 32 Cal.4th 1287, 1293.) Father points out that

---

[1] Child shares his father's name. We refer to him as "child" to avoid confusion. We intend no disrespect.

we have discretion to consider a forfeited issue where it presents a pure question of law raised on undisputed facts. (*Id.* at p. 1293.) But this issue does not present such a question of law.

Father's argument is premised on his inability to pay for a professional monitor. That is a factual question, not a legal one. Because the issue was not raised in the trial court, there are no supporting facts in the record, disputed or otherwise.[2] There is no material on which to base a legal analysis. Our discretion to excuse forfeiture "should be exercised rarely" and "with special care." (*S.B., supra,* 32 Cal.4th at p. 1293.) In the absence of a properly developed record, we decline to exercise that discretion here.

## DISPOSITION

The juvenile court's order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ZUKIN, J.

We concur:

CURREY, P. J.                    MORI, J.

---

[2] The only evidence of father's financial status in the record is a brief note from an interview conducted in August 2022, over a year before the juvenile court issued its exit order. There is no mention of the costs of a professional monitor.

3